IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-23-H
No. 4:14-CV-11-H

CHARLES LINDBURG BELL,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　Petitioner,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　**ORDER**
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　Respondent.　　　　　　　　　　 )

This matter is before the court on the government's motion to dismiss [D.E. #53] petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. #49]. Petitioner has responded to the government's motion [D.E. #56], and this matter is ripe for adjudication.

**BACKGROUND**

On June 8, 2011, petitioner pled guilty to one count of distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841. [D.E. ##25, 26]. Prior to entering the plea, petitioner signed a plea agreement waiving all rights to appeal his sentence except for the right to appeal an upward departure from the advisory guideline range. Petitioner further waived all

rights to contest his conviction or sentence in post-conviction proceedings, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his plea. [D.E. #26 at 1]. This court conditionally approved the plea agreement and, after conducting the required Rule 11 colloquy, accepted petitioner's plea.

On November 9, 2011, this court sentenced petitioner to a term of imprisonment of 151 months, and judgment was entered on November 17, 2011. [D.E. ##34, 36]. Petitioner appealed his sentence, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal on September 5, 2012. [D.E. #46]. Petitioner filed a petition for certiorari with the Supreme Court of the United States, and that petition was denied on January 14, 2013. <u>Bell v. United States</u>, 133 S. Ct. 959 (2013) (mem.). On January 13, 2014, petitioner timely filed the instant motion to vacate. [D.E. #49].

## **COURT'S DISCUSSION**

In his 28 U.S.C. § 2255 motion, petitioner makes three arguments: (1) that due to ineffective assistance of counsel: (a) his plea was unknowing and involuntary insofar as he allegedly relied upon counsel's incorrect advice regarding the projected guideline range, and (b) counsel failed to move to withdraw petitioner's plea; (2) that the court incorrectly sentenced him as a career offender; and (3) that the court did

2

not adequately consider sentencing factors set forth in 18 U.S.C. § 3553(a).

## A. Ineffective Assistance of Counsel Claims

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. When a petitioner challenges the voluntariness of his guilty plea based upon a claim for ineffective assistance of counsel, he must not only claim a deficiency in counsel's performance but also "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58, 59 (1985).

Although petitioner alleges that counsel's performance was deficient insofar as he gave incorrect advice regarding petitioner's projected guideline range, this court finds it

3

unnecessary to determine whether there may be circumstances under which the alleged erroneous advice may be deemed constitutionally ineffective assistance of counsel, because in the present case petitioner has not properly alleged "prejudice" under <u>Strickland</u>. Petitioner did not allege in his 28 U.S.C. § 2255 motion that, had counsel correctly informed him about his projected guideline range and status as a career offender, he would have pleaded not guilty and insisted on going to trial.

Secondly, petitioner claims that counsel's performance was deficient insofar as he failed to move to withdraw petitioner's guilty plea upon learning that petitioner may be sentenced as a career offender. Again, this court finds it unnecessary to determine whether there may be circumstances under which counsel's alleged failure to move may be deemed constitutionally ineffective assistance of counsel, because petitioner again fails to satisfy the <u>Strickland</u> requirement of "prejudice." Notwithstanding petitioner's failure to claim a reasonable probability of a different result had counsel moved to withdraw petitioner's guilty plea, the record of petitioner's Rule 11 colloquy additionally confirms that petitioner understood that he would not be able to "come back later and ask to plead not guilty." [D.E. #44 at 16]. The record, therefore, patently suggests that even if counsel moved to withdraw petitioner's guilty plea, a reasonable probability of a different result

4

could not be supported. Therefore, petitioner has failed to state claims for ineffective assistance of counsel.

**B.   Sentencing Claims**

Petitioner's second and third claims relate to his assertions that this court incorrectly designated him a career offender and failed to consider 18 U.S.C. § 3553(a) factors at the sentencing hearing. As stated supra, the plea agreement in this case contained a provision whereby petitioner agreed, among other things, to waive his right to appeal the sentence imposed, including any issues that relate to the establishment of the sentencing guideline range. Petitioner reserved only the right to appeal from an upward departure from the sentencing guideline range established at sentencing. Petitioner further agreed to waive any right to contest his conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known at the time of the plea. [D.E. #26 at 1]. Such waivers are enforceable so long as they are knowing and voluntary. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005).

The advisory guideline range established by this court was 151 to 188 months, and petitioner was sentenced to a term of imprisonment of 151 months at the bottom of the guideline range. This court did not upwardly depart from the established

5

guideline range. Furthermore, on appellate review, the United States Court of Appeals for the Fourth Circuit concluded that petitioner "knowingly and voluntarily waived his right to appeal and that [these] issues he seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights." United States v. Bell, No. 11-5110 (4th Cir. Sept. 5, 2012), ECF No. 43. Therefore, petitioner's claims related to alleged sentencing errors are barred by his appeal waiver.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #53] is GRANTED, and petitioner's § 2255 motion [D.E. #49] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C.

§ 2255 motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 5TH day of December 2014.

*Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

7